# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF RHODE ISLAND

In re:  Cynthia Ann Dziurgot-Farnsworth        BK No.: 14-10915
Debtor                                          Chapter 7

## ORDER

The Motion to Compel Compliance with Automatic Stay by Creditor and Include Proceeds of Settlement Agreement to be Made Part of this Bankruptcy Estate (Doc. #70) ("Motion") filed by Robert Armistead seeks an order, pursuant to the automatic stay imposed under Bankruptcy Code § 362(a),[1] requiring John A. Farnsworth and certain other individuals to cease efforts to enforce a judgment against Debtor Cynthia Ann Dziurgot-Farnsworth. Additionally, Armistead seeks turnover to the Chapter 7 case trustee of certain assets he alleges to be those of the Debtor. Farnsworth filed an objection (Doc. #74) and the Debtor filed a response (Doc. #75) to the Motion. Armistead in turn filed a response (Doc. #79) to Farnsworth's objection.

The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334 and DRI LR Gen 109. This is a core proceeding as designated under 28 U.S.C. § 157(b)(2)(A), (G) and (O). After consideration of the Motion and the filed responses, the Motion must be and is DENIED.

Farnsworth persuasively argues, and presents documentation in support of the argument, that "Armistead's contentions all suffer from the same flaw;" the property in issue is not an asset of the Debtor or her bankruptcy estate because the Debtor conveyed all of her interest in the real estate that is at the heart of this dispute to a third party in 2009, years before she filed her

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "Chapter," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub L. No. 109-8, 119 Stat. 37.

bankruptcy petition before this Court.[2] (Doc. #74, ¶¶ 18, 29). The Debtor concurs with Farnsworth (Doc. #75), and indeed, Armistead actually admits as much. (Doc. #70, ¶¶ 21, 26). However, I need not delve into the complexities of the real estate transfer and the related settlement proceeds Armistead insists be turned over to the Chapter 7 trustee. *See supra* note 2. Quite simply, Armistead lacks standing to seek the relief he requests, and the Motion is otherwise procedurally improper.

While the Debtor did not list him as a creditor in her schedules, Armistead filed a proof of claim asserting the Debtor owes him an unsecured debt of $602,860 as a result of "unjust enrichment" and a "conspiracy" as outlined in the attachment to his proof of claim and further elaborated upon in the Motion. But even if Armistead is a creditor of the Debtor (which may or may not be the case), that would not cloak him with standing under § 362 to seek the injunctive and turnover relief he pursues. *See, e.g., In re Salander*, 472 B.R. 213, 217 (Bankr. S.D.N.Y. 2012) ("The trustee has the power to stand in the shoes of the debtor and only the trustee has standing to bring any suit that the debtor could have instituted had it not petitioned for bankruptcy."); *Reed v. Cooper (In re Cooper)*, 405 B.R. 801, 812 (Bankr. N.D. Tex. 2009) ("The trustee also is expected to be a gatekeeper and to exercise reasonable business judgment in

---

[2] Armistead and Farnsworth agree that in 2009 the Debtor executed documents that purported to transfer her interest in certain real property to Massachusetts Receiver, LLC, an entity formed by a Massachusetts family court-appointed receiver to facilitate the Debtor's satisfaction of a divorce judgment entered against her. (Doc. #70 ¶10; Doc. #74 ¶ 12). Earlier this year an entity called Honeycliff, Ltd. filed a bankruptcy petition in the Southern District of Florida and asserted in its filings that it was the sole owner of that same real property. *See generally In re Honeycliff, Ltd.*, Case No. 14-11005-JKO (Bankr. S.D. Fla. filed Jan. 16, 2014). Farnsworth and Massachusetts Receiver, LLC asserted interests in that real property in the Honeycliff bankruptcy case. Eventually a settlement agreement was reached in that case pursuant to which the real property was to be sold and Honeycliff and Farnsworth were to each receive one-half of the sales proceeds. Armistead's Motion requests that the Court order Farnsworth and Massachusetts Receiver, LLC to remit any funds obtained through that settlement to the Chapter 7 trustee in the Debtor's bankruptcy case pending before me.

deciding what actions to bring and what are not worth the expense." ); *id*. at 815 ("[N]either the statutes, nor the overall policies embodied throughout the Bankruptcy Code, support giving individual creditors derivative standing to pursue estate actions in a Chapter 7 case.").

   While the lack of standing is fatal to Armistead's Motion, it is worthy of mention that the Motion is also procedurally improper. According to the Debtor's schedules, she does not have an interest in the settlement proceeds in issue or the real estate that has or will generate such proceeds. Armistead asks the Court to find otherwise and, based on that finding, to order that the settlement proceeds be turned over to the Chapter 7 trustee. The required procedure to pursue such relief is through the initiation of an adversary proceeding, brought not to compel compliance with § 362, but to determine title to the real estate in issue and turnover of the settlement proceeds to the Debtor's bankruptcy estate. Federal Rule of Bankruptcy Procedure 7001 provides that adversary proceedings are governed by Rules 7001-87 and that such proceedings include, with certain exceptions not relevant here, (1) "a proceeding to recover money or property," (2) "a proceeding to determine the validity, priority, or extent of a lien or other interest in property," and (3) "a proceeding to obtain an injunction or other equitable relief." However one characterizes the relief sought in the Motion, it most definitely falls within one or more of the above categories and, therefore, must be sought through an adversary proceeding in accordance with Rules 7001 *et seq*. Moreover, Rule 9014 states that in "a contested matter not otherwise governed by these rules, relief shall be requested by motion." This contested matter is governed by Rules 7001 *et seq*., and the relief Armistead requests may not be pursued by motion.

   My ruling does not in any way constitute a finding that the Court would have jurisdiction

3

over such an adversary proceeding if filed, particularly in light of the prior proceedings involving the real estate and settlement proceeds in the Honeycliff bankruptcy case. Nor does my ruling in any way constitute a finding that Armistead would have standing to bring such an adversary proceeding. *See generally In re Cooper*, 405 B.R. at 807-16.

Date:  December 12, 2014

By the Court,

*Diane Finkle*
_____
Diane Finkle
U.S. Bankruptcy Judge